## Elizabeth Rice's Estate.    Carrie E. Frake's Appeal.

*Will—Probate—Subscribing witnesses—Evidence.*

A will was duly probated before the register of wills by the testimony of the two subscribing witnesses.  Some months afterward an appeal was taken from the register, and one of the subscribing witnesses repudiated his former testimony and declared that he signed at the request of counsel, and that testatrix was not present when he signed.  The original testimony of the witness was corroborated by that of a member of the bar whose integrity was beyond suspicion.  The later statement of the subscribing witness was inconsistent with the testimony of another witness. *Held* that the appeal was properly dismissed.

Argued Jan. 8, 1896.   Appeal by Carrie E. Frake, from decree of O. C. Phila. Co., April T., 1893, No. 230, dismissing appeal from register.   Before STERRETT, C. J., GREEN, WILLIAMS, MCCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Appeal from register of wills.

The facts appear by the opinion of ASHMAN, J., which was as follows:

The proposition that the testimony of each witness to a will

must be in itself complete as to all the facts which are essential to the due execution of the instrument, about which all the cases from Hock v. Hock, 6 S. & R. 47, down, with perhaps a single exception, hold but one opinion, was made the basis of this appeal. So far as the proofs submitted to the register were concerned, the proposition was fully complied with. Both of the subscribing witnesses declared that the testatrix affixed her mark to the instrument in their presence, and acknowledged the paper to be her will; and both declared that she was of sound and disposing memory. The will was prepared by counsel after instructions furnished by the testratrix; it was examined at her leisure and approved by her; and it was executed at a time and before witnesses named by herself. Seven months after the will had been admitted to probate an appeal was taken, and the allegation was made for the first time that the testatrix was mentally incompetent and had been unduly influenced to make her will. This allegation, however, was withdrawn, and the case was rested on the ground that she had not duly executed her will. To support this charge, one of the subscribing witnesses repudiated his former statement, and declared that he signed at the request of the counsel, who was also the other witness to the will, and that the testatrix was not present at such signing. Even if the case had stopped at this point, we are by no means satisfied that we could sustain the appeal, and reverse a decree of the register, which, with the evidence before him, he was bound to enter. No will can be said to be safe, if a subscribing witness may nullify it by declaring that he perjured himself before the register. The policy of the law (it was remarked in Ela v. Edwards, 16 Gray, p. 99) has been "that no man's will should be defeated through the want of memory on the part of the attesting witnesses," or on account of their subsequent insanity or infamy (Hawes v. Humphrey, 9 Pick. 357). In this instance, the original testimony of the self-incriminated witness was corroborated by that of a member of the bar, whose integrity and candor are beyond suspicion. It is not fair to argue that the retraction of his story by the former witness left the proof of the will to rest upon the oath of his cowitness. As the record stands, the making of her mark by the testatrix was sworn to by two witnesses, who on this point sustained each other; and it is now denied by one witness, who

is sustained in the denial by nobody. But the witness furnished another test of his noncredibility by contradicting his own testimony upon another point. He denied, as positively as he did the presence of the testatrix, that he had signed any paper at the register's office. Yet he admitted that he had testified in that office to the execution of the will, and he was compelled to admit that the signature to the jurat made before the register appeared to be his own, as it indisputably was. The one denial, however, was not much more extraordinary than the other; for nothing could be less likely than the account which he proceeded to give of the circumstances attending the execution of the will, one of them being that the decedent, after sending for him to witness the paper, kept out of the way when he came in compliance with her request.

If we concede, however, what we do not believe is the fact, that the later narrative of the witness is the true one, we still have ample reason for holding that the execution of the will was legally established. That the will was signed by the testatrix in the presence of one witness, is certain. The revised story of the other witness is, that some weeks before that date the testatrix told him that she intended to call upon him to attest her will, and that on the day of its execution she sent for him, saying that the will was ready and asking him to come over; that he immediately crossed over to her house, and was handed the will by the counsel who had already witnessed the signing by the testatrix; that he thereupon subscribed his own name to the paper, and that he knew when he signed it that it was the will of the testatrix. His testimony was supplemented by that of the person who carried the message, and who declared that the decedent sent her for Mr. Stokes, that he might witness her will, and a few moments before that gentleman arrived went into the room, where, as he himself said, he attested the instrument. The essential fact that the paper which was proved before the register was the identical writing which the testatrix had signed and the witness had attested was thus established by the mouths of two witnesses. We are clearly within the line of the decisions in making this assertion. In Carson's Appeal, 59 Pa. 493, a will signed by the testator's mark was proved by one subscribing witness. Another witness was called, who was unable to write, and who testified that he saw the testator

execute a paper which he believed to be the one in question, but which he was unable to identify by any mark or peculiarity upon its face. His testimony was held to be sufficient. In Scott's Estate, 147 Pa. 89, a letter of instructions had been dictated by the testator to a scrivener with the verbal declaration that if anything should happen it was to be proved as his will. The testator then told his son, whom he had previously sent for the scrivener, that he had signed his will. The son did not see the paper; but he was nevertheless held a competent witness to the fact of its publication as a will. The only objection to this species of testimony is that the witness states as a fact what is simply an opinion. But it is nevertheless true that a man's conception of a fact is only his opinion as to its reality, or as is said in Best on Evidence, p. 596, it is " an exercise of judgment." Whether his reasons for the belief are good or indifferent, is a circumstance which goes to his credibility and not to his competency. The witness in the present case, even assuming that he signed the paper in the absence of the testatrix, and without her acknowledgment that it was her act, had far more reason to identify it as her will, than the witness to the will in Carson's Appeal, supra, or the witness to the codicil in that case, who assigned an absurd cause for recognizing the paper. The anomaly in the course which this appeal has been allowed to take is that through it a decision of the register, on its face entirely regular, is sought to be reversed upon evidence which was never heard by that officer, and which cannot accurately be described even as after-discovered. It should have been submitted to him upon a motion to vacate the probate of the will. Our examination of the testimony, however, has convinced us that the will was duly executed, and we therefore affirm the decree of the judge before whom the hearing was had, dismissing the appeal.

*Error assigned* was in dismissing appeal.

*J. J. Crandall, Allen H. Gangewer* with him, for appellant.— An issue is matter of right under the statute where there is a substantial dispute upon a material question of fact: DeHaven's Appeal, 75 Pa. 337 ; Harrison's Appeal, 100 Pa. 458 ; Schwilke's Appeal, 100 Pa. 628 ; Bowlby v. Thunder, 105 Pa. 179 ; Wall v.

Wall, 123 Pa. 545; Taylor v. Com., 103 Pa. 96; Vosburg's
Will, 9 C. C. 243; Knauss' Appeal, 114 Pa. 10; Sharpless' Appeal,
19 Atl. Rep. 630; Winchilla v. Wanchope, 3 Russell (Eng.) 444.

To make a will in Pennsylvania, it requires two independent
witnesses to the execution of a will: Hock v. Hock, 6 S. & R.
47; Thornton v. Thornton, 6 Law Reg. N. S. 341.

If one witness be impeached, incompetent, by any means
silenced, the will stands unproved: Harding v. Harding, 18 Pa.
340.

*Arthur Moore* and *John G. Johnson*, for the appellee, were not
heard.

PER CURIAM, January 20, 1896:

We have no doubt as to the correctness of the decree refus-
ing an issue devisavit vel non, and dismissing the petition.
The court was fully warranted in concluding that the will in
question was properly executed in the presence of two wit-
nesses. There was no reliable testimony to the contrary. A ver-
dict in favor of the contestant would be against the decided
weight of the evidence, and could not be permitted to stand.
We find nothing in the record that requires further notice. The
controlling questions in the case have been fully considered and
correctly disposed of by the learned court below; and on its
opinion we affirm the decree.

Decree affirmed and appeal dismissed with costs to be paid
by the appellant.